IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MACKAY PERRY,<br>　　　　*Plaintiff*<br><br>v.<br><br>NOCO HOSPITALITY LLC,<br>PAOLO SORIANO, CHARLES<br>FERRARO, AND COLEMAN<br>JAMISON,<br>　　　　*Defendants* | §§§§§§§§§§ | 1:24-CV-00366-JRN |

# ORDER

Before the Court is Defendant Coleman Jamison's Partial Motion to Dismiss (Dkt. 8). After considering the parties' briefing and the relevant law, the Court finds that the motion should be **GRANTED**.

I.　BACKGROUND

MacKay Perry alleges that while she was working as an assistant for NoCo Hospitality LLC, she was assaulted on two separate occasions by Coleman Jamison, an investor of a club owned by NoCo. Perry alleges that despite reporting these incidents to NoCo's management, the company failed to keep her safe at the workplace, which forced her to resign. On April 6, 2024, Perry brought this action against NoCo, two of its managing members, and Jamison, alleging negligence, assault, intentional infliction of emotional distress (IIED), and violations of the Fair Labor Standards Act. Perry seeks to recover, among other things, lost wages, mental anguish damages, and exemplary damages. Jamison now moves to dismiss Perry's claims for IIED and exemplary damages.

## II. LEGAL STANDARD

Rule 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In deciding on a Rule 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## III. DISCUSSION

Jamison argues that (1) Perry's IIED claim should be dismissed because it is based on the same conduct as her assault claim, and (2) Perry's claim for exemplary damages should be dismissed because it is conclusory and devoid of any factual enhancement.

### A. IIED

Under Texas law, IIED is "a 'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant

intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004) (quoting *Standard Fruit and Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998)). The purpose of IIED is "'to supplement existing forms of recovery by providing a cause of action for egregious conduct' that might otherwise go unremedied." *Id.* (quoting *Johnson*, 985 S.W.2d at 68). "Where the gravamen of a plaintiff's complaint is really another tort, [IIED] should not be available." *Id.*; *see also*, *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005) (reiterating that IIED was "never intended to supplant or duplicate existing statutory or common-law remedies").

Perry's IIED claim does not serve a gap-filler purpose; instead, it stems from the same conduct that forms the basis of her assault claim. To recover for IIED, Perry needed to allege facts independent of those giving rise to her assault claim. Because Perry has not done so, her IIED claim should be dismissed. *See, e.g.*, *Yadav v. Frost Bank*, No. SA-20-CV-00005-FB-ESC, 2020 WL 7385842, at *7 (W.D. Tex. Dec. 16, 2020) (dismissing plaintiff's IIED claim because the conduct he alleged gave rise to that claim was the same as the conduct he alleged in support of several other claims, including assault), *aff'd*, 851 F. App'x 509 (5th Cir. 2021).

## B. Exemplary Damages

Perry's request for exemplary damages against Jamison should likewise be dismissed. Under Texas law, "exemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the harm with respect to which

the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence." Tex. Civ. Prac. & Rem. Code 41.003(a). Here, Perry alleges that "[b]ecause Defendant Jamison acted with gross negligence, malice, or fraud, [she] is entitled to exemplary damages." Pl.'s Compl. 7. But aside from this conclusory statement, Perry has not alleged facts to support her request. As a result, Perry is not entitled to recover exemplary damages from Jamison.[1] *See, e.g.*, *Melcher v. TitleMax of Tex., Inc.*, No. 3:21-CV-46, 2022 WL 1719255, at *6 (S.D. Tex. May 27, 2022) (dismissing request for exemplary damages because the plaintiffs failed to allege a factual basis for their request).

IV. **CONCLUSION**

**IT IS THEREFORE ORDERED** that Jamison's Partial Motion to Dismiss (Dkt. 8) is **GRANTED.**

**IT IS FURTHER ORDERED** that Perry's IIED claim and request for exemplary damages against Jamison are **DISMISSED WITH PREJUDICE.**

SIGNED this 10th day of September 2024.

_____
JAMES R. NOWLIN
SENIOR U.S. DISTRICT JUDGE

---

[1] The Court does not decide whether Perry can recover exemplary damages from the other defendants.