IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MACKAY PERRY, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | 1:24-CV-00366-JRN |
| | § | |
| NOCO HOSPITALITY, LLC, | § | |
| PAOLO SORIANO, CHARLES | § | |
| FERRARO, and COLEMAN JAMISON, | § | |
|     *Defendants* | § | |

## DEFENDANT COLEMAN JAMISON'S ORIGINAL ANSWER

Defendant Coleman Jamison files this, his Original Answer and would respectfully show the Court as follows:

1. Paragraph 1 of the Complaint contains a statement of that Plaintiff is bringing an action for unpaid wage compensation and other relief under the Fair Labor Standards Act and that she seeks certain damages, which requires no response.

2. Paragraph 2 of the Complaint contains a statement that Plaintiff also brings an action for negligence seeking mental anguish and exemplary damages, which requires no response.

3. Paragraph 3 of the Complaint contains a statement that Plaintiff also brings an action for assault and intentional infliction of emotional distress seeking mental anguish and exemplary damages, which requires no response.

4. Paragraph 4 of the Complaint contains federal subject-matter jurisdiction allegations, which require no response. Jamison nevertheless admits that this Court has subject-matter jurisdiction.

5. Paragraph 5 of the Complaint contains venue allegations, which require no response. Jamison nevertheless does not object to venue in this federal district court.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10. Defendant admits he is a resident of Austin, Texas; however, to the extent not expressly admitted, Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11. Defendant realleges and fully incorporates by reference all preceding paragraphs.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26. Defendant realleges and fully incorporates by reference all preceding paragraphs.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint concerning Plaintiff's report of any assault, Nick Sanchez's reporting it to Defendants Soriano and Ferraro, the discussion of the incident with Plaintiff, or as to NoCo taking no action. Defendant denies the remainder of Paragraph 27.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint concerning Plaintiff reporting any incidents of

assault, Defendant Soriano discussing any incidents with Plaintiff and Christopher Skyles, Soriano telling Plaintiff that NoCo had decided to ban Jamison from Superstition and other properties, Skyles telling Plaintiff that he spoke to Jamison to inform him of the ban and Jamison admitting to grabbing Plaintiff, and NoCo not enforcing the ban and instead allowing Jamison back into Superstition. Defendant denies the remainder of Paragraph 28.

29. Paragraph 29 of the Complaint contains legal conclusions regarding the duty of care and whether the failure to protect Plaintiff caused Plaintiff's damages to which no response is required. To the extent a response is necessary, the allegations in Paragraph 29 are denied.

30. Paragraph 30 of the Complaint contains legal conclusions regarding exemplary damages due to Plaintiff because NoCo acted with gross negligence, malice or fraud, to which no response is required. To the extent a response is necessary, the allegations in Paragraph 30 are denied.

31. Defendant realleges and fully incorporates by reference all preceding paragraphs.

32. Paragraph 32 of the Complaint contains legal conclusions regarding assault and whether an assault caused Plaintiff mental anguish to which no response is required. To the extent a response is necessary, the allegations in Paragraph 32 of the Complaint are denied.

33. The Court granted Defendant's partial motion to dismiss Plaintiff's claim for the intentional infliction of emotional distress as alleged in Paragraph 33 of the Complaint, therefore no response to Paragraph 33 is necessary.

34. Paragraph 34 of the Complaint contains legal conclusions regarding whether Defendant's actions caused Plaintiff to suffer actual damages, including mental anguish to which no response is required. To the extent a response is necessary, the allegations in Paragraph 34 of the Complaint are denied.

35. The Court granted Defendant's partial motion to dismiss Plaintiff's claim for exemplary damages as alleged in Paragraph 35 of the Complaint, therefore no response to Paragraph 35 is necessary.

36. Defendant denies the allegations in the Request for Relief paragraph of Plaintiff's Complaint and specifically denies that Plaintiff is entitled to any damages or other relief, specifically including sections (a) through (j).

37. All allegations that are not expressly admitted herein are denied.

## ADDITIONAL DEFENSES

1. Plaintiff's claims are barred in whole or in part under the doctrines of waiver, laches, estoppel, and/or unclean hands.

2. Plaintiff's common law assault and negligence claims are barred because they are pre-empted by the Texas Commission on Human Rights Act.

3. Upon information and belief, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to comply with applicable procedural and administrative prerequisites including timely charge filing requirements and the exhaustion of all administrative remedies.

4. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to take reasonable steps to mitigate her claim for damages, the existence of such damages hereby being denied, and because the conduct complained of, in whole or in part, was consensual, not unwelcome, or invited.

5. Plaintiff failed to plead allegations of fraud, if any, with the requisite particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

6. Plaintiff failed to state with specificity her claim for special damages, if any, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

7. To the extent Plaintiff prays for punitive, exemplary, or otherwise enhanced damages, such request should be denied because it violates the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States and the provisions of the Eight Amendment to the Constitution of the United States.

8. Jamison asserts that the acts or omissions of others over whom Jamison has no right of control are the proximate or producing cause of the damages alleged in this suit.

9. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

10. Defendant reserves the right to assert additional defenses in accordance with the Court's orders and the Federal Rules of Civil Procedure.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Coleman Jamison prays that Plaintiff's suit be dismissed with prejudice, all claims be denied in their entirety, and that Plaintiff takes nothing by this suit against Defendant, and further pray for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Dated: September 24, 2024.

Respectfully Submitted,

HUTCHESON BOWERS, LLLP

By: */s/ Allison Bowers*
Allison Bowers
State Bar No. 24006170
Leslie Sun
State Bar No. 24088490
1301 S. Mopac, Suite 430
Austin, TX 78746
Telephone: (512) 777-4449
Facsimile: (512) 777-4497
allison@hutchesonbowers.com

-AND-

                    TRIBBLE | ROSS

By: */s/ Wesson H. Tribble*
     Wesson H. Tribble
     State Bar No. 20213960
     Jane A. McClaine
     State Bar No. 13390600
     6371 Richmond Avenue
     Houston, Texas   77057
     Telephone: (713) 622-0444
     Facsimile: (713) 622-0555
     wtribble@tribblelawfirm.com
     jmcclaine@tribblelawfirm.com
     **Attorneys for Defendant Coleman Jamison**

## CERTIFICATE OF SERVICE

I certify that, on September 24, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Western District of Texas and served via the CM/ECF system upon the following counsel of record.

   FROST DOMEL PLLC
   Emily Frost
   711 W. 7th Street
   Austin, Texas 78701
   (512) 640-5501
   (512) 225-5565 FAX
   emily@frostdomel.com
   *Attorney for Plaintiff*

WICK PHILLIPS GOULD & MARTIN, LLP
Dana Hilzendager
Andrew Mark Gould
3131 McKinney Avenue
Dallas, Texas 75204
(214) 420-4673
(214) 692-6255 FAX
dana.hilzendager@wickphillips.com
andrew.gould@wickphillips.com

*Attorneys for Defendants NoCo Hospitality, LLC, Paolo Soriano, and Charles Ferraro*

                    */s/ Allison Bowers*
                    Allison Bowers